**John Weinlander, Appellee, v. Charles F. Volkman, Appellant.**

**Gen. No. 14,953.**

1. EVIDENCE—*what tends to show customary charge.* Notwithstanding the plaintiff suing for physician's fees testified that all physicians do not charge the same fee, yet a verdict for such plaintiff will be sustained if he has further testified that the charges made by him were the usual and customary rate charged by physicians for like services in the locality where the same were rendered.

2. TRIAL—*when remarks of counsel will not reverse.* Notwithstanding remarks of counsel may be improper they will not reverse if induced by the action of the complaining party.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

CAMERON & MATSON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action was originally instituted before a Cook county justice of the peace and tried on appeal to the Circuit Court *de novo* before the court with a jury, and this appeal is prosecuted from a judgment of the Circuit Court for $200 rendered on the verdict of a jury in favor of plaintiff and against defendant.

Plaintiff is a physician practicing his profession in Chicago. About April 20, 1903, one Burt Free, at

the time in the employ of defendant, was physically injured and plaintiff treated him then and subsequently for his injuries. Plaintiff contends that defendant agreed, in a conversation over the telephone, to pay him for services rendered Free, and that in faith of such promise the services for which compensation is sought in this suit were rendered. That the parties conversed over the telephone is not denied, but defendant insists that the promise to pay for services rendered Burt Free related solely to the employment of a nurse and did not extend to the payment of physician's services as claimed.

It is first insisted that the promise to pay plaintiff is not proven by the greater weight of the evidence; secondly, it is claimed that the value of such services was not proven by competent evidence; and, third, that the trial court erroneously admitted evidence that defendant carried an insurance policy with the Travellers Insurance Company.

While the evidence as to the promise of defendant to pay is not as clear and satisfactory as it might be wished, still there is sufficient evidence which would warrant the jury in concluding that the promise was made as detailed by plaintiff. Defendant admits a conversation with plaintiff over the telephone in relation to the care of his employe, Burt Free, and while he insists such conversation related solely to providing a nurse for Free, it is not at all unreasonable that an arrangement should at the same time have been made for medical attendance. The jury might well believe that the promise to pay included plaintiff's services as detailed by him, especially having in mind the fact that plaintiff is in some essential particulars corroborated by defendant. Then again, defendant told plaintiff that he carried insurance in the Travellers Company and would be compensated for expenses incurred in caring for Burt Free. Acting upon such intimation plaintiff at first made out his bill to defendant and the company. We think the promise was

sufficiently established by the proofs and that the determination of this fact by the jury ought not to be disturbed.

Plaintiff's testimony as to the value of the services rendered we think clearly fulfils the legal requirement that it must be the usual, customary and ordinary fee charged by physicians in Chicago for services of that character.  Plaintiff did testify that all physicians do not charge the same fees, but ordinarily they did, and that the fees, according to the rate rendered in the bill, supported by the testimony of plaintiff, was the usual and customary rate charged by physicians for like services in Chicago.  The question of the trial judge, and the answer of plaintiff thereto, cleared up any doubt which might be inferable from plaintiff's testimony as it stood prior to such answer.

If there was any error in referring to the Travellers Insurance Company in the trial of the case, a full and sufficient corrective rests in the fact that defendant, through his witness Snow, brought the whole matter to the attention of the jury.  Snow made it appear that the Travellers Insurance Company insured defendant.  He introduced in evidence the bill rendered by plaintiff to his company and defendant, as well as plaintiff's letter to Snow, in which the Travellers Company is referred to.  This case is unlike Eldorado Coal Co. v. Swan, 227 Ill. 586.  In case *supra* the plaintiff's counsel injected in his remarks to the jury reference to the defendant being insured against the claim in suit; while in the instant case defendant, through his own witness, brought the whole matter to the attention of the jury.  If he was prejudiced thereby, the law does not permit him to avail of errors of his own creation.

The judgment of the Circuit Court is right.  It is therefore affirmed.

*Affirmed.*