VIC T. TSAI, Plaintiff-Appellant, v. MICHAEL L. KANIOK, Defendant-Appellee.

Third District   No. 3—88—0762

Opinion filed July 11, 1989.

BARRY, J., specially concurring.

Douglas L. Ziech, of Joliet, for appellant.

Dinah Lennon Archambeault, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet (Charles L. Bretz, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff brought suit in the circuit court of Will County to recover the balance due on a bill he submitted to the defendant for medical services he rendered. Following a bench trial, the court entered judgment in favor of the defendant, finding the plaintiff had received a fair and reasonable fee. The plaintiff pursued this appeal. We affirm.

Twelve-year-old Michael Kaniok, the defendant herein, received facial injuries in an accident involving a three-wheel motorized vehicle, and the plaintiff, Dr. Tsai, was contacted to perform surgery. Dr. Tsai is a board-certified plastic surgeon whose practice is located in Joliet, Illinois. Dr. Tsai made no agreement with either Michael or his parents regarding the fees he would charge for performing the necessary procedures.

On the first evening Dr. Tsai treated Michael, he closed the gaping wound to the nose and ordered X rays. The next day in surgery, Dr. Tsai removed bone from Michael's skull to perform grafts to Michael's nose and to the bone under his left eye. He also sutured the

remaining lacerations. Michael returned to Dr. Tsai for follow-up visits, but Dr. Tsai said his recovery was unremarkable. Dr. Tsai charged $800 for the services he performed during the first evening he saw Michael, and a total of $6,100 for the services he rendered the next day. Michael's father's insurer paid Dr. Tsai $2,445, an amount it considered the usual and customary fee in the community for the services provided. Dr. Tsai filed suit to recover the remaining $4,455.

At trial, Dr. Tsai testified and served as his sole expert on usual and customary fees. He told the court there is only one other plastic surgeon in Will County. Dr. Tsai stated that his fees were based on his experience and knowledge, including that which he received from rendering second opinions on "nose jobs" to insurance companies and from information from a few communications with colleagues. Dr. Tsai testified that he does not make any specific effort to find out how much another surgeon charges for a procedure, but stated he has a general idea of the fees charged by other plastic surgeons. Dr. Tsai told the court that in his opinion, his own fees were usual and customary in the Joliet, Will County, area. The original bill for $6,900 was submitted as evidence of the plaintiff's fee.

Dr. Richard Corley, a board-certified plastic surgeon, testified for the defense. After listing his qualifications, Dr. Corley testified he was familiar with fees charged by plastic surgeons in the Joliet area and throughout much of the nation because he had worked as a consultant for Caterpillar Tractor Company and the Peoria Medical Society. He referred to a "Relative Value Study," which is a listing of physicians' services and their associated values, and indicated he utilized the information to reach his opinion in this case. Dr. Corley stated he also examined and X-rayed Michael before rendering his opinion. Finally, Dr. Corley testified that the fees charged by Dr. Tsai in this case exceeded the usual and customary fees charged in the area.

Dr. Robert Hertenstein, a board-certified surgeon serving as the medical director for group insurance for Caterpillar, also testified for the defense. He testified as to his qualifications, which were extensive, and indicated he had been involved in numerous projects in the area of establishing and reviewing physician fees. Dr. Hertenstein told the court that in the process of reviewing physician fees, including the fees of plastic surgeons, he had become familiar with the fees charged by plastic surgeons in the Will County area. He testified that Dr. Tsai billed the defendant for more complicated procedures than he actually performed, and he charged a separate fee for each individual procedure he performed in surgery, a practice the American College of Surgeons considers inappropriate. He explained what he believed Dr.

Tsai's services were worth and the reasons for his decision. In Dr. Hertenstein's opinion, the fee Dr. Tsai charged was grossly excessive, not only for the Will County area, but for the entire nation as well.

After considering the evidence, the trial court stated the issue was not one of credibility, but one of the weight to be given to the testimony. The court found the testimony of the defendant's witnesses on the issue of usual and customary fees to be more persuasive and ruled in favor of the defendant.

■■ ■ On appeal, Dr. Tsai contends the court erred in admitting the testimony of the defendant's experts because they were not qualified to testify. He contends neither of the experts was familiar with the usual and customary fee charged in Will County. We disagree. The party offering the expert has the burden of establishing the expert's special knowledge, but the determination of the sufficiency of qualifications rests largely in the sound discretion of the trial court. (*People v. Free* (1983), 94 Ill. 2d 378.) The trial court's decision is subject to reversal only if it constitutes a gross abuse of discretion. The record establishes that the defendant's experts were familiar with the usual and customary fees in Joliet, and discloses the manner in which each gained his familiarity. The plaintiff's assertion is therefore meritless.

The plaintiff also argues that the court applied an improper standard in determining his fees were excessive. He contends that the court should not have relied on the testimony of the defendant's experts because they based their opinions on nationwide or global standards rather than standards within the locality, as is required. (*Weinlander v. Volkman* (1910), 153 Ill. App. 137.) The defendant does not dispute that the locality rule set out in *Weinlander* is the proper standard to be applied in this case. He contends, however, that his experts and the court applied that standard in this case. We agree with the defendant.

■■ Drs. Corley and Hertenstein each testified that the plaintiff's fees were excessive for the Joliet, Will County, area and offered opinions of customary, usual charges for the services. The fact that Dr. Hertenstein was also familiar with customary and usual fees for many other areas of the United States and was able to testify that he "wouldn't expect to see that kind of fee at the highest priced place in the country for the procedure" does not in any way establish that the wrong standard for determining customary fees was applied. Accordingly, the court's finding that the defendant's experts were more persuasive does not support the plaintiff's claim that the court did not apply the locality standard.

■ ■ The plaintiff also argues, rather vaguely, that the court erred in giving any weight to the testimony of the defendant's experts, and appears to suggest the experts' testimony was irrelevant because it referred to customary practices and standards outside Will County. As previously discussed, the experts were qualified and did testify about customary practices and fees in Will County. Furthermore, it is well established that the weight to be afforded a witness' testimony is a matter for the trier of fact based on the assessments made at trial, and this assessment is not to be disturbed on appeal absent an abuse of discretion. (*In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1.) The trial court's decision regarding the weight of the experts' testimony is amply supported by the record and we will not disturb it on appeal.

For the reasons set out above, the judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER, P.J., concurs.

JUSTICE BARRY, specially concurring:

For the reason that Dr. Tsai's supporting evidence was extraordinarily weak and did not overcome the defendant's expert testimony of the unfair practice of "unbundling" (see *Honeywell Information Systems, Inc. v. Maricopa County* (1977), 118 Ariz. 171, 575 P.2d 801), I concur in the majority opinion in this case.